JOSEPHINE BASILE, Respondent, *v.* MADELINA BASILE and THE
SOCIETY OF THE NEW YORK HOSPITAL, Appellants, and GUISEPPE
BASILE and BANK FOR SAVINGS, Respondents.

Supreme Court, Appellate Term, First Department, December, 1922.

**Banks and banking — savings bank deposit — ownership — assignment of
part of account — Municipal Court, city of New York — jurisdiction not
extended by interpleader — decision — inconsistent judgment reversed.**

Since the jurisdiction of the Municipal Court of the city of New York is limited
to actions where the amount claimed in the summons does not exceed $1,000
and to actions to recover a chattel or chattels, the aggregate value of which
does not exceed that sum, the court, by interpleading as defendants other
parties making adverse claims, cannot obtain jurisdiction to render an affirmative
judgment going beyond the plaintiff's claim and for more than the amount of
the jurisdiction of the court in original actions.

Within a week after the commencement of an action in said court to recover
$400 as part of a fund of $2,707 in the defendant savings bank, on motion of
the attorneys for the bank and by consent of the attorneys for plaintiff and the
attorneys for G., an order of interpleader was entered making G. a party defend-
ant on the ground that he was a claimant to the fund. Said order also provided
that the fund remain with the savings bank upon interest to the credit of the
action until the final determination thereof and that then the fund should be
paid by the bank in accordance with the judgment in the action. Thereafter
a complaint was served which after alleging that one M. opened an account
with said bank to the credit of which there presently was $2,707, pleaded that
several days prior to the commencement of the action M. for a valuable con-
sideration assigned to plaintiff an order for $400 on said account. The bank
served an answer asking the court to decide between plaintiff and G. which,
if either of them, was entitled to that part of the money on deposit, claimed by
plaintiff, and the amount which each or either of them might be entitled to
out of the money standing to the credit of the account. Defendant G. claimed
title to the entire fund, and asked for the dismissal of the complaint. Later,
on motion of the bank and on consent of the attorneys for plaintiff, for G., for
M., his wife, and for the Society of the New York Hospital, another order was
entered joining the two latter as parties defendant upon their claim to a portion
of the fund. This order contained a similar provision for the payment of the
fund upon the final determination of the action, as did the previous order. The
Society of the New York Hospital served an answer which after claiming
$1,131.40 out of the fund under an assignment from M., set forth a second
cause of action against G. for the reasonable value of services rendered to M.,
his wife, and demanded judgment therefor; M. by her answer claimed the
entire fund except as to her partial assignments thereof. The case having come
on for trial upon this state of the pleadings the trial justice rendered a decision
finding that plaintiff was entitled to judgment against the defendants in the
amount of her claim; that judgment should be entered against the hospital
on its claim but without prejudice to a new action; that G. was the owner of the
entire fund, the subject-matter of the action, and that M. had no legal claim to
any part thereof. However, in the actual judgment entered in plaintiff's favor
for the full amount of her claim, with costs and disbursements, the court made

Appellate Term, First Department, December, 1922.          [Vol. 120

no disposition of the remainder of the fund. *Held,* that even if the order of interpleader contained provisions beyond the powers of the court, the judgment as entered was within such powers.

The only issue of fact presented at the trial upon which the court had the right to pass was whether the fund on deposit in the bank belonged to M. or G., her husband. *Held,* that the judgment entered being inconsistent with the decision of the trial justice upon that issue, it will be reversed in the interests of justice and a new trial ordered, without costs to any party.

APPEAL by some of the defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

*Philip R. Cook,* for appellant Madelina Basile.

*Wilson M. Powell (Alex R. Wilson,* of counsel), for appellant The Society of the New York Hospital.

*Herman A. Schoenfeld,* for respondent Guiseppe Basile.

*MacHenry & Papenberg,* for plaintiff, respondent.

*Cadwalader, Wickersham & Taft,* for respondent Bank for Savings.

LEHMAN, J. This action was begun by the service of a summons on the defendant Bank for Savings on November 23, 1921. On the 29th day of November, 1921, an order was entered on motion of the attorneys for the defendant Bank for Savings, and on the consent of the attorneys for the plaintiff Josephine Basile, and attorney for Guiseppe Basile, making Guiseppe Basile a party defendant on the ground that he is " a claimant to the fund on deposit with the Bank for Savings which is the subject of this action," and further providing " that the fund on deposit, which is the subject of this action remain with the defendant the Bank for Savings upon the same interest as other deposits of like amount to the credit of this action until the final determination thereof; and that upon the final determination thereof the said fund shall be paid by the defendant the Bank for Savings in accordance with the judgment of the court herein." Thereafter the plaintiff served a complaint alleging that one Madelina Basile opened an account with the defendant Bank for Savings, and that there is at the present time in said account the sum of $2,707; that on the 19th day of November, 1921, the aforesaid Madelina Basile for a valuable consideration duly assigned to the plaintiff an order on said account, a portion of said account, namely, the sum of $400. The Bank for Savings served an answer asking the court " to decide between the plaintiff and the defendant, Guiseppe Basile, which, if either, is entitled to that part of the money on deposit to the credit of Account No. 1,173,146, claimed by the plaintiff herein, and the amount that the plaintiff and the defendant Guiseppe

Basile may each or either of them be entitled to out of the moneys standing to the credit of said account."

The defendant Guiseppe Basile claimed title to the entire fund and asked judgment dismissing the complaint, with costs.

It is to be noted that the order of interpleader entered on consent makes provision for a judgment which the court cannot render. It could interplead the defendant Guiseppe Basile, for he claims title to the whole fund which necessarily includes the part claimed by the plaintiff under her assignment from Madelina Basile, but it could not direct judgment providing for the payment of the remainder of the fund to the plaintiff because she made no claim to it nor to the defendant Guiseppe Basile, because his wife Madelina Basile, under whom the plaintiff is claiming in regard to part of the fund and by whom the account is alleged to have been opened, was not made a party to the action and could, therefore, not be bound by such a judgment. Moreover, in my opinion, the Municipal Court Code does not give the court jurisdiction to render any judgment for the payment of the entire fund even though all the claimants to the fund were parties to the action.

Subdivision 3, section 27, of the Municipal Court Code provides that " Upon the application of the defendant in an action brought to recover upon a contract or to recover a chattel, the court may make an order of interpleader or an order joining adverse claimants as parties defendant, according to the provisions of law applicable to like cases in the supreme court."

In the present case the action was brought not for the whole fund but for the sum of $400 as part of said fund, and the Municipal Court would not have had jurisdiction of an action originally brought for the entire fund for that fund exceeds $1,000 and its power to join " adverse claimants " can refer only to parties who make a claim adverse to that which is presented by the plaintiff, and does not in my opinion give the court the right to enter any judgment for an additional claim, though directly connected with the subject-matter of the action, for an amount beyond the jurisdiction of the court in original actions. In other words, since the Municipal Court Code limits the jurisdiction of the Municipal Court to actions where the amount claimed in the summons does not exceed $1,000 and to actions to recover a chattel or chattels, the aggregate value of which does not exceed $1,000, the court cannot by interpleading other parties defendant making adverse claims obtain jurisdiction to render an affirmative judgment going beyond the plaintiff's claim and for more than the amount of the jurisdiction of the court in original actions. Of course, a decision

of adverse claims to the actual subject-matter of the action may under some circumstances result in an adjudication which may affect rights of far greater financial importance, but the actual judgment must be confined to a decision of the adverse claims to the subject-matter of the action and that, in this case, is not the entire fund but the portion of the fund which the plaintiff alleges was transferred to her.

On the 5th day of April, 1922, another order was entered on motion of the attorneys for the defendant Bank for Savings, and on consents of the attorneys for the plaintiff Guiseppe Basile for Madelina Basile, his wife, and for the Society of the New York Hospital, joining the two latter parties as parties defendant who claim a portion of the " fund on deposit which is the subject-matter of this action." This order contains similar provision for the payment of the fund upon the final determination of the action. Thereupon, the Society of the New York Hospital filed an answer claiming the sum of $1,131.40 out of the funds under an assignment from Madelina Basile and setting forth a second cause of action against Guiseppe Basile for the reasonable value of the services rendered to his wife, and asked a money judgment for that amount. Madelina Basile served an answer claiming that the entire fund except the part assigned by her to the plaintiff and the Society of the New York Hospital belonged to her.

Upon this state of the pleadings, the case came to trial, and the trial justice rendered a decision finding that the plaintiff Josephine Basile is entitled to judgment against the defendants in the sum of $400; that the defendant New York Hospital " is entitled to judgment against it after trial, for failure of proof, without prejudice to a new action," and that " Guiseppe Basile is the owner of the fund which is the subject-matter of this litigation, to wit, the sum of $2,707 now on deposit with the Bank for Savings and that Madelina Basile has no legal claim to any part thereof." Judgment was entered on the same day, which reads as follows: " Judgment for the plaintiff for $400 with $35.20 costs and disbursements as taxed, amounting in all to $435.20." In the actual judgment the court made no disposition of the remainder of the fund, and even if the order of interpleader contained provisions beyond the powers of the Municipal Court, the judgment as entered is within such powers.

None of the parties to this action seem to have noted that the trial justice made a formal decision and thereupon entered a judgment upon it, but all of them apparently regard the decision as a judgment. The defendant Madelina Basile has appealed " from so much and such part of the judgment of this court herein entered

in the office of the clerk of this court on or about the 8th day of May, 1922, whereby it was adjudged that Guiseppe Basile is the owner of the fund which is the subject-matter of this litigation, to wit, the sum of $2,707.00," but as pointed out above there is no judgment but only a decision containing such an adjudication. In fact, it would seem that the actual judgment might constitute an adjudication against the claim of Guiseppe Basile, for the plaintiff's action is predicated solely upon a claim of assignment of part of the fund from Madelina Basile and not from Guiseppe Basile. The defendant Guiseppe Basile has not appealed from the judgment, though he is the only party who is aggrieved by the actual judgment in favor of the plaintiff, for that judgment must be paid out of a fund which he claims belongs to him.

The defendant Society of the New York Hospital urges as ground for a reversal that its claim against Guiseppe Basile for services rendered to his wife should have been sustained, but no such claim could properly be asserted in this action. It is not aggrieved by a judgment in favor of the plaintiff for part of the fund, for after payment of such judgment enough money would still remain in the fund to pay its claim under an assignment from the same alleged owner, and the determination that the assignment or order made to the plaintiff was valid and effective would seem logically to lead to the conclusion that its own claim under an assignment from the same alleged owner is also valid; but the entry of that judgment without any disposition of the claim of the hospital upon its own assignment and upon a decision which seems inconsistent with the judgment has so complicated its right to proceed in a new action upon its assignment that, in my opinion, it is aggrieved by the judgment as it now stands, and upon the appeal of the hospital we should review its correctness. Since the only issue of fact that was presented at the trial upon which the trial judge had the right to pass was whether or not the fund on deposit in the savings bank belonged to Madelina Basile or Guiseppe Basile, her husband, and since the judgment in favor of the plaintiff is inconsistent with the decision of the trial justice upon that point, there is no basis for the judgment, and in the interest of justice it should be reversed and a new trial ordered, without costs to any party.

McAVOY and WAGNER, JJ., concur.

Judgment reversed.